UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DONALD CRUMRINE,                  :

    Plaintiff,                    :

v.                                : CASE NO. 3:09-CV-367(RNC)

BUFFALO PUMPS, INC.,              :
FOSTER WHEELER, L.L.C.,           :
GENERAL ELECTRIC COMPANY,         :
VIAD CORP.,                       :

    Defendants.                   :

RULING AND ORDER

    Plaintiff Donald Crumrine filed this products liability suit in state court seeking damages for injuries caused by occupational exposure to asbestos-containing products. Defendants Buffalo Pumps, Inc. ("Buffalo Pumps), Foster Wheeler, L.L.C. ("Foster Wheeler"), General Electric Company ("GE"), and Viad Corporation ("Viad") (collectively, "defendants") removed the case under federal officer jurisdiction, 28 U.S.C. § 1442(a)(1), which permits removal of actions brought against an officer or agency of the United States or a person acting under the auspices of a federal officer. Plaintiff has moved to remand on the ground that subject matter jurisdiction is lacking. For the reasons that follow, the motion to remand is denied.

I. Facts

    Plaintiff alleges that he was exposed to various asbestos-

containing products while serving in the U.S. Navy from 1959-1963 and while working as a pipefitter and insulator from 1963-1979. (Compl. ¶ 5) "Such exposure contributed in part or totally to the plaintiff's contraction of asbestos-related Lung Cancer and other asbestos-related pathologies." (Id.) Plaintiff's exposure came at least in part from products the defendants manufactured and could have been avoided if the products had been accompanied by sufficient warnings about the dangers of asbestos. (Compl ¶¶ 6, 11).

Defendant Viad's predecessor-in-interest, Griscom-Russell, manufactured equipment for the Navy in accordance with contracts that included detailed specifications. (Notice of Removal ¶¶ 6,13). Buffalo Pumps manufactured and supplied pumps for Navy ships pursuant to contracts that included specifications for the use of asbestos. (Buffalo Pumps Notice of Joinder in Removal Pet. ¶ 4). GE manufactured marine steam turbines for use on Navy ships and submarines pursuant to specifications and contracts that included directions for the use of asbestos. (GE Notice of Joinder in Removal Pet. ¶¶ 6-8). Foster Wheeler manufactured marine boilers and auxiliary equipment for use on Navy ships. (Foster Wheeler Notice of Joinder in Removal Pet. ¶ 5) In support of their removal petition, the defendants provide numerous affidavits.

2

II. Discussion[1]

To sustain their burden of demonstrating that jurisdiction is proper under the federal officer removal statute, defendants must show: (1) that they are persons who acted under a federal officer; (2) that they performed the actions for which they are being sued under color of federal office; and (3) that they have a colorable federal defense. See Isaacson v. Dow Chemical Co., 517 F.3d 129, 135 (2d Cir. 2008). To meet this burden, defendants need not "virtually win [their] case. Jefferson County v. Acker, 527 U.S. 423, 431 (1991). Rather, in determining whether removal is proper, the court looks "only to the jurisdictional facts alleged in the notices of removal." In re Methyl Tertiary Butyl Ether Prods. Liabl. Litig., 488 F.3d 112, 124 (2d Cir.2007).

Regarding the first part of this test, corporate persons,

---

[1] This case is similar to a number of other recent asbestos cases in this District in which federal officer removal was found to be appropriate, some involving the same defendants sued here. See, e.g., Allen v. General Elec. Co., 2009 WL 2766583 (D. Conn. 2009) (Hall, J.); DeMarco v. General Elec. Co., 3:09CV373 (D.Conn. 2009) (Dorsey, J.); DeMatties v. Acmat Corp., 2008 U.S. Dist. LEXIS 86717 (D.Conn.2008) (Eginton, J.); Carroll v. Buffalo Pumps, 2008 U.S. Dist. LEXIS 86715 (D.Conn.2008) (Eginton, J.); Machnik v. Buffalo Pumps, 506 F. Supp. 2d 99 (D. Conn. 2007) (Droney, J.); Contois v. Able Industries, Inc., 523 F. Supp. 2d. 155 (D. Conn. 2007) (Thompson, J.). See also Pantalone v. Aurora Pump Co., et al., 576 F. Supp. 2d 325 (D. Conn. 2008) (Arterton, J.)(removal available but untimely). Notably, the Allen and DeMarco decisions considered "new material" referred to by plaintiffs in this case. See Plaintiff's Memorandum in Support of Remand at 1.

like defendants, are "persons" within the meaning of the federal statute. Isaacson, 517 F.3d at 136. They were "acting under" a federal officer if they "assist[ed], or help[ed] carry out, the duties or tasks of the federal superior." Id. at 137. The defendants have shown that they were delegated authority under a government contract to produce maritime equipment for use by the Navy. This is sufficient to show that they were acting under a federal officer for purposes of § 1442(a)(1). See Isaccson, 517 F.3d at 137.

The next part of the test focuses on whether the act complained of was caused by the discharge of the defendants' official duties. Id. "To show causation, defendants must only establish that the act that is the subject of plaintiffs' attack . . . occurred while defendants were performing their official duties." Id. at 137-38. Plaintiffs argue that their injuries were caused by defendants' failure to warn of the hazards posed by their asbestos-containing products. As in Isaacson, any tortious act or omission attributable to the defendants occurred while they were carrying out their contractual duties to produce goods for the government. See 517 F.3d at 137.[2] Therefore, they

---

[2] Plaintiff argues that defendants must show by clear and convincing evidence that the Navy explicitly prohibited them from placing asbestos warnings on products. They point to the Woodruff affidavit for evidence that the Navy would have accepted additional warnings on the defendants' products. Woodruff Aff. at 12. Plaintiff relies on Holdren v. Buffalo Pumps, 08CV10579 (D. Mass. 2009) (Gertner, J.), which held that private contractors

4

were acting "under color of" a federal office for removal purposes.

For their "colorable federal defense", defendants rely on the government contractor defense. This defense requires them to demonstrate that "(1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not known to the United States." Boyle v. United Techs. Corp., 487 U.S. 500, 412 (1987).

The first two elements are sufficiently alleged by the testimony in the defendants' affidavits that the warnings on their equipment conformed to detailed specifications issued by the U.S. Navy and that the Navy had complete control over warnings. The third element is sufficiently alleged by the affidavit testimony that the dangers posed by asbestos were known to the U.S. Navy.[3] Thus, defendants have adequately alleged a

---

should be held to a higher standard in failure to warn cases. Under Isaacson, which is binding authority here, liberal application of the removal statute is proper regardless of whether removal is sought by a government contractor. See 517 F.3d at 136, 137. Moreover, defendants have provided evidence that the Navy would have rejected any products displaying more warnings than called for by the contracts. Allen v. General Elec. Co., 2009 WL 2766583, n.3 (D. Conn. 2009) (Hall, J.).

[3]The Woodruff affidavit submitted by plaintiff confirms that the government was aware of the hazards posed by asbestos. Woodruff Aff. 5, 8.

5

colorable military contractor defense.

III. Conclusion

Accordingly, plaintiff's motion to remand (doc. # 24) is hereby denied.

So ordered this 31st day of March 2010.

/s/ Robert N. Chatigny, USDJ
Robert N. Chatigny
United States District Judge